IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWRENCE E. JONES SR., | |
| Plaintiff, | 8:24CV237 |
| vs. | |
| OSCAR LOPEZ, Specialized Parole Officer (SPO); | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Lawrence E. Jones Sr. ("Plaintiff") filed a Complaint on June 20, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff, a state prisoner confined in the Omaha Correctional Center, sues Specialized Parole Officer Oscar Lopez ("Lopez") under 42 U.S.C. § 1983 and alleges Lopez "arrested, detained, searched [Plaintiff's] person and residence, incarcerated and violated [Plaintiff's] Parole" in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendment protections of due process, against cruel and unusual punishment, and against illegal search and seizure. Filing No. 1 at 4, 10–11. Plaintiff alleges Lopez tampered with evidence and committed perjury at Plaintiff's September 19, 2023, parole revocation hearing, resulting in Plaintiff's parole being revoked and his recommitment to the custody of the Nebraska Department of Correctional Services. Id. at 4, 8–9.

Plaintiff also alleges that, prior to his parole being revoked, he informed Lopez of his health concern caused by Plaintiff's ankle monitor, which "caused permanent damage

...
...

...

...

...

to [Plaintiff's] right foot for lack of circulation several times for extended lengths of time." *Id*. at 8. Plaintiff provided Lopez a letter from Plaintiff's doctor recommending removal of the ankle monitor doctor, but Lopez neither addressed it with Plaintiff nor reported it to his supervisor or the Board of Parole. *Id*. at 8, 10.

As relief, Plaintiff seeks damages for lost wages and "delinquent debt" incurred as a result of his parole revocation, as well as punitive damages for pain and suffering. *Id*. at 6 (capitalization omitted).

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

2

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff here alleges federal constitutional claims under 42 U.S.C. § 1983. *See* Filing No. 1 at 3, 10–11. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons set forth below, Plaintiff's claims cannot proceed as pleaded, and the Court will dismiss the Complaint without prejudice.

**A. Claims Related to Parole Revocation**

With the exception of his ankle-monitor injury claim, Plaintiff's claims against Lopez arise from the revocation of his parole in or around September 2023. Specifically, Plaintiff submits that Lopez illegally searched his residence, tampered with evidence found in the search, and lied about the evidence in his arrest report and testimony to the parole board in violation of Plaintiff's Fourth Amendment and due process rights. Plaintiff seeks damages under § 1983 for these alleged deprivations of his Fourth Amendment and due process rights that led to, and resulted in, the revocation of his parole and reincarceration. Thus, the crux of, and basis for, his damages claims is the parole revocation.

However, at all times relevant herein, Plaintiff has been "in custody" as either a prisoner or a parolee and as such may only attack the propriety of his parole revocation under 28 U.S.C. § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963); see also, *Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994); *United States v. Tunstall*, 17 F.3d 245, 246 n.3 (8th Cir. 1994). Plaintiff, however, chose to claim that his revocation was unconstitutional and sought relief under § 1983 in the form of compensatory and punitive damages. In *Heck v. Humphrey*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994) (footnote omitted).

"Because a judgment in [Plaintiff's] favor would 'necessarily imply the invalidity' of his revocation proceeding and because the revocation itself has not been reversed, expunged, [in]validated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture." *Dolney v. Lahammer*, 70 F. Supp. 2d 1038, 1042–43 (D.S.D. 1999) (collecting cases); see also *Crow v. Penry*, 102 F.3d 1086 (10th Cir.1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the invalidity of his parole revocation" and therefore is cognizable only in habeas corpus); *Olona v. Cotton*, No. 8:24CV35, 2024 WL 4710733 (D. Neb. Nov. 7, 2024) (prisoner plaintiff's claim that parole

4

revocation was unconstitutional not cognizable in § 1983 action); *Coger v. Poplar Bluff Police Dep't*, No. 1:22-CV-158 RLW, 2022 WL 17735523, at *5–6 (E.D. Mo. Dec. 16, 2022) (plaintiff's damages claims against parole officer for falsely reporting to parole board that plaintiff had been charged with a drug offense barred by *Heck*). Thus, Plaintiff's § 1983 claims related to, and arising from, his parole revocation cannot proceed and must be dismissed.

**B. Ankle-Monitor Injury Claim**

Liberally construed, Plaintiff claims Lopez was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment based on Lopez's failure to address Plaintiff's medical concerns and Plaintiff's doctor's recommendation to remove Plaintiff's ankle monitor due to circulation problems. To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)). Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question 'is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (internal quotation omitted)). Establishing the subjective component of a deliberate indifference claim requires "more than negligence, more even than gross

negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff attached medical records to his Complaint indicating he was seen by Physician Assistant David Dick ("Dick") on August 18, 2023, for "leg swelling," and Dick noted in Plaintiff's history that Plaintiff was "[w]orking at hot environment at work. Noting significant lower leg swelling. Monitor on the right leg will block blood flow. Wonders if he can get a letter to have it removed." Filing No. 1 at 18. Dick provided Plaintiff a letter on August 18, 2023, which reads:

> Mr. Jones experiences significant lower extremity edema with long standing especially in the heat.
> This swelling in combination with his right tracking ankle bracelet leads to circulation problems in his right foot.
> It is my recommendation that consideration be given for removal of the right ankle bracelet to prevent the painful/harmful symptoms he experiences.

*Id*. at 30. The arrest report attached to Plaintiff's Complaint shows Plaintiff was placed back into NDCS custody on August 30, 2023, and, by all inferences, remained in custody until his parole was revoked on or about September 19, 2023. *See Id*. at 13–14.

Based on the facts alleged in the Complaint, the Court concludes Plaintiff has failed to state a plausible claim against Lopez for deliberate indifference to his serious medical needs. Even if the Court assumes Lopez was aware as of August 18, 2023, of Plaintiff's circulation problems due to the ankle monitor, the only reasonable inference to be drawn

6

is that Lopez ceased having any control over whether the ankle monitor may be removed once Plaintiff was returned to NDCS custody on August 30, 2023, at which time, it may reasonably be inferred, the ankle monitor would likely be removed as Plaintiff was in custody. Regardless, Plaintiff alleges no facts to suggest that Lopez's failure to report Plaintiff's concerns about his circulation problems and the medical recommendation to remove the ankle monitor caused Plaintiff's alleged permanent injuries, as Plaintiff's own medical records attached to the Complaint indicate Plaintiff had been suffering from right foot pain long prior to reporting his medical concerns to Lopez. See *Id*. at 17 (NDCS radiology report dated April 18, 2024, noting Plaintiff had experienced "right plantar foot pain towards the heel" for "1.5 years, no known injury"). The medical records also do not support any causal relationship between the ankle monitor and lower leg swelling. If there is any causal connection, it relates to possible discomfort (not serious bodily injury) to Plaintiff's pre-existing right foot pain. Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claim against Lopez for failure to state a claim upon which relief may be granted.

### IV. OTHER PENDING MOTIONS

**A. Motions for Summons, Status, and Case Progression, Filing Nos. 7, 8, and 12**

On July 18, 2024, Plaintiff filed a praecipe for summons asking the Clerk of the Court to issue summons to Lopez. Filing No. 7. Plaintiff also filed correspondence with the Court on July 24, 2024, and on October 25, 2024, asking when the initial review would be done in this case and for a progression order to be entered. Filing No. 8; Filing No. 12. Construed as motions, Plaintiff's requests for summons, case status, and a

progression order are denied as moot as the Court has performed the initial review and determined that this matter should be dismissed.

**B. Motion for CD Transcript, Filing No. 11**

On October 7, 2024, Plaintiff submitted correspondence to the Court, which the Court docketed as a motion. Filing No. 11. Plaintiff asks that the Court enter "an order or simply authorize the Court reporter to prepare a hard copy transcription" from "the CD of the actual Parole Revocation Hearing" Plaintiff submitted to the Court at the time he filed his Complaint. Id. Plaintiff requests that the transcript either be prepared "at the Court's expense" or "charge it to the overpayment of fees that [the Court] now [has] in [its] possession." Id. The Court finds no basis upon which to provide Plaintiff a free copy of the transcript he seeks at the Court's expense. See Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing Tyler v. Lark, 472 F.2d 1077, 1078 (8th Cir.1973)). While Plaintiff did submit an overpayment of $316.93 in this case, see Filing No. 10 at 4, the Court's records indicate the overpayment was refunded on November 26, 2024. In any case, the Court will deny Plaintiff's request for transcription of the CD of the parole revocation hearing as the Court lacks jurisdiction to consider Plaintiff's claims related to his parole revocation in this § 1983 case.[1]

---

[1] The Court notes that, if Plaintiff requires return of the CD, the Court's local rules provide that, "[u]pon a showing of good cause, the court may order an item in a file to be permanently withdrawn." NECivR 79.1(e).

**C. Motion for Refund, Filing No. 9**

Lastly, Plaintiff filed a motion on August 19, 2024, asking the Court to refund his $316.93 overpayment. Filing No. 9. As stated above, the overpayment was refunded to Plaintiff on November 26, 2024. Accordingly, Plaintiff's motion for a refund is denied as moot.

## V. CONCLUSION

As it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Lopez. Plaintiff's claims related to his parole revocation are barred by the rule in *Heck v. Humphrey*, and Plaintiff failed to allege facts stating a plausible Eighth Amendment claim against Lopez for deliberate indifference to his medical needs. As such, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A, and the Court will dismiss the Complaint without prejudice as the Court finds further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court will enter a separate judgment.

3. Plaintiff's motions for summons, status, and case progression, Filing No. 7; Filing No. 8; Filing No. 12, are denied as moot.

4. Plaintiff's motion for the CD transcript, Filing No. 11, is denied.

5. Plaintiff's motion for refund, Filing No. 9, is denied as moot.

Dated this 26th day of February, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge